**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DIONISIO LAZARO,
                                    *Petitioner,*

              v.

MICHAEL B. MUKASEY, Attorney
General,
                                    *Respondent.*

No. 05-70165

Agency No.
A24-567-373

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
February 14, 2008—San Francisco, California

Filed June 4, 2008

Before: William C. Canby, Jr. and Milan D. Smith, Jr.,
Circuit Judges, and Stephen G. Larson,* District Judge.

Opinion by Judge Larson

*The Honorable Stephen G. Larson, United States District Judge for the
Central District of California, sitting by designation.

## COUNSEL

James Todd Bennett, El Cerrito, California, for the petitioner.

Jeffrey J. Bernstein (argued) and Melissa Neiman-Kelting (on the brief), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, for the respondent.

## OPINION

LARSON, District Judge:

Dionisio Lazaro, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order, which denied his application for withholding of removal and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) and we review de novo questions of law. *See Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1163 (9th Cir. 2006). We deny the petition for review to the extent it contends that Lazaro's Notice to Appear ("NTA") was defective and deprived the Immigration Court of jurisdiction to begin his removal proceedings. As the BIA's decision under review contains an erroneous description of how Lazaro's NTA was amended in the Immigration Court, however, we grant the petition for review in part and remand for the BIA to address in the first instance Lazaro's contention that the IJ acted beyond her authority in amending his NTA *sua sponte.*

## I

Lazaro came to the United States as an immigrant in 1984, and worked as a physician. In 1997, he was convicted of grand theft in violation of California Penal Code § 487(1), and sentenced to two years imprisonment. The underlying criminal conduct was a scheme to defraud the MediCal health insurance program by billing for phantom patients, in which Lazaro and others participated.

On May 14, 1998, Lazaro was served with an NTA alleging that he was removable because of his conviction for "an aggravated felony as defined in Section 101(a)(43) of the [Immigration and Nationality] Act." At a hearing before the IJ on August 3, 1998, Lazaro's counsel objected that the NTA did not specify the aggravated felony subsections under which

Lazaro was being charged. The following exchange then took place between the IJ and counsel for the former Immigration and Naturalization Service (INS):[1]

> [IJ:] Counsel for the Government, do you wish at this time to make an addition, 101(a)(43)(G)?
>
> [INS counsel:] [I]t's the position of the Service that as long as the charge is explicit in that it is an aggravated felony, the specific sub[-]provision of 101(a)(43) need not be provided. However, the Service would not oppose a motion to add a provision that would make it more specific.
>
> [IJ:] All right. [A]nd what provision is that? What do you want to add then, [counsel]?
>
> [INS counsel:] The Service would really not oppose a motion. The Service would prefer not to . . . make the motion itself. The Service feels that this is adequate in and of itself.
>
> [IJ:] All right. Well, I think it's important to just be specific, I mean, so that we're very clear and there's no confusion. So do you want to put (G)[?] [B]ecause . . . that's what I'm going to do[.] . . . Do you have any opposition to that?
>
> [INS counsel:] That would be fine, Your Honor. . . . The Service would not oppose that.
>
> [IJ:] All right then. So it will just show 101(a)(43)(G). . . . I believe he falls under (M) as

---

[1] On March 1, 2003, the INS ceased to exist and its functions were transferred to the newly created Department of Homeland Security. *See Chuyon Yon Hong v. Mukasey*, 518 F.3d 1030, 1032 n.1 (9th Cir. 2008). For the sake of consistency, we refer to the INS in this opinion.

well. Do you just want one or do you want both,
[counsel]?

[INS counsel:] Both would be fine.

The IJ proceeded to write in subsections (G) and (M) on
Lazaro's NTA. Immigration and Nationality Act
§ 101(a)(43)(G), codified at 8 U.S.C. § 1101(a)(43)(G),
defines "aggravated felony" to include "a theft offense
(including receipt of stolen property) or burglary offense for
which the term of imprisonment [is] at least one year," while
subsection (M) defines in pertinent part "an offense that . . .
involves fraud or deceit in which the loss to the victim or vic-
tims exceeds $10,000." Lazaro's counsel objected to the
amendment, but agreed with the IJ's suggestion that a two-
week recess be taken for him to review the amended NTA.

Two weeks later, the matter was held over for a month to
allow the government to produce certified conviction docu-
ments. At a hearing on September 16, 1998, Lazaro's counsel
moved to terminate proceedings. The IJ denied the motion to
terminate, stating that "the Court has always made it a process
of being able to amend a document and interlineate a charge
and here that's basically what happened. The respondent was
charged as an aggravated felon and there was a general
(a)(43) charge and . . . the Service made a more specific
charge with regard to 101(a)(43) . . . . The Court . . . [has] his-
torically interlineated, or had the Service to interlineate and
change various charges where appropriate." Counsel repre-
sented that Lazaro did not wish to apply for relief, and the IJ
ordered Lazaro removed to the Philippines "on the charges as
set forth in the Notice to Appear."

On appeal, the BIA remanded the case to the IJ to prepare
a full decision. Lazaro then applied for relief based on his
alleged fear of persecution in the Philippines by his former
employer in the United States, Dr. Michael Natividad, as
retaliation for the MediCal fraud investigation that led Nativi-

dad to flee to the Philippines to avoid criminal charges. The IJ denied relief and again ordered Lazaro removed "on the charges as set forth in the charging document."

Lazaro appealed to the BIA, including as one of his arguments that "the Immigration Judge acted in excess of jurisdiction" with respect to the NTA. Lazaro incorporated the contention in his prior brief to the BIA that "under the regulations enacted by the Attorney General, the Service was permitted to lodge in writing amendments to the charging documents . . . . No where, however, is the Immigration Judge permitted to do so on her own accord. . . . Accordingly, the amendment of the NTA by the Immigration Judge was in excess of jurisdiction and *void ab initio*."

The BIA dismissed Lazaro's appeal in the decision we are reviewing. The BIA's order states in part that "[t]he Notice of Appeal [*sic*] was amended by the Department of Homeland Security . . . on August 3, 1998, at the master calendar hearing over the objection of the respondent." The BIA concluded that the NTA informed Lazaro "that he was removable as an aggravated felon because of his 1997 conviction for gran[d] theft. Based upon this information, we find that he was provided sufficient detail to understand the basis for the charges of removability." Moreover, the BIA stated, Lazaro "has not demonstrated any prejudice to himself as a result of failure to specify the subsection of the aggravated felony provision in the Notice to Appear. After the Notice to Appear was amended, he had notice of the provisions at issue and time to prepare his defense. [He] also was given timely notice of the hearing and he and his attorney subsequently appeared."

## II

**[1]** Lazaro contends that the Immigration Court lacked jurisdiction over his case due to "non-compliance with 8 U.S.C. § 1229(a)(1)(D)." Section 1229(a)(1)(D), contained in a section titled "Initiation of Removal Proceedings," requires

the NTA to include "[t]he charges against the alien and the statutory provisions alleged to have been violated." In this case, the NTA states that Lazaro is "subject to removal from the United States pursuant to [§] 237(a)(2)(A)(iii)" for committing "an aggravated felony as defined in Section 101(a)(43) of the [Immigration and Nationality] Act." The NTA also alleges in its recitation of facts that Lazaro was "on 5/1/97, convicted in the Superior Court of California . . . for the offense of Grand Theft property, in violation of Section 487(1) of the California Penal Code."

The Immigration Court's jurisdiction vests "when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. § 1003.14. A petitioner is entitled to relief from a defective NTA if he "show[s] that the Immigration Court lacked jurisdiction." *Kohli v. Gonzales*, 473 F.3d 1061, 1067 (9th Cir. 2007). The petitioner in *Kohli* alleged that the absence of a legible name and title of her NTA's issuing officer deprived the IJ of jurisdiction over her case. *Id.* We rejected this argument, explaining that the NTA "fully informed Kohli of the charges against her" and that "Kohli has not shown that any statute or regulation requires the inclusion of the name and title of the issuing officer on the NTA." *Id.* at 1067-68.

**[2]** In Lazaro's case, although the NTA failed *fully* to specify "the statutory provisions alleged to be violated," 8 U.S.C. § 1229(a)(1)(D), by not including any aggravated felony subsections, we conclude that the Immigration Court did not lack jurisdiction as a result. Lazaro's charging document satisfied, albeit minimally, § 1229(a)(1)(D)'s requirements by specifying that Lazaro was removable as an aggravated felon pursuant to identified provisions of the Immigration and Nationality Act, as well as his underlying criminal conviction.

**[3]** The INS filed the NTA with the Immigration Court in accordance with 8 C.F.R. § 1003.14(a). Jurisdiction therefore vested, and the IJ did not err in proceeding with Lazaro's

case. *See Kohli*, 473 F.3d at 1068 ("The government met its burden of establishing jurisdiction in the Immigration Court by issuing a NTA pursuant to 8 U.S.C. § 1229(a)(1), and then filing that notice to appear with the Immigration Court.") (citations omitted).[2]

### III

**[4]** The BIA's decision does not address Lazaro's additional contention that, even if the IJ had jurisdiction to commence his removal proceedings, she was not authorized to amend his NTA *sua sponte*. Instead, the BIA apparently proceeded on the understanding that these amendments were made by the INS. The record excerpts reproduced above make clear, however, that the INS did not amend Lazaro's NTA, or provide an answer to the IJ's inquiry about what aggravated felony subsections the INS wished to apply to Lazaro, but rather acquiesced in the IJ's own amendments. The INS's stated position in declining the IJ's invitation for the government to move to amend the NTA was that the NTA was "adequate in and of itself," without specification of any aggravated felony subsections.

In this court, there is no dispute about how Lazaro's NTA was amended. The Attorney General's brief repeatedly acknowledges "the immigration judge's amendment of the NTA," and, in response to Lazaro's argument that this was improper, cites 8 C.F.R. § 1240.2(a) as supporting an IJ's general authority to conduct proceedings.[3] Lazaro counters by citing 8 C.F.R. § 1240.10(e), which states:

---

[2]We need not decide whether, had the IJ and the INS proceeded without amending Lazaro's NTA, the NTA would have impermissibly "obscured the charges against [him] or obstructed [his] ability to respond to the charges." *Kohli*, 473 F.3d at 1068.

[3]8 C.F.R. § 1240.2(a) states, inter alia, that "[n]othing contained in this subpart diminishes the authority of an immigration judge to conduct proceedings under this part."

     Additional charges in removal hearings. At any time during the proceeding, additional or substituted charges of inadmissibility and/or deportability and/or factual allegations may be lodged by the Service in writing. The alien in removal proceedings shall be served with a copy of these additional charges and allegations. The immigration judge shall read the additional factual allegations and charges to the alien and explain them to him or her. The immigration judge shall advise the alien, if he or she is not represented by counsel, that the alien may be so represented, and that he or she may be given a reasonable continuance to respond to the additional factual allegations and charges. Thereafter, the provision of § 1240.6(b) relating to pleading shall apply to the additional factual allegations and charges.

8 C.F.R. § 1240.10(e).[4]

    **[5]** To our knowledge, the BIA has not addressed either the relationship between the regulatory provisions cited by Lazaro and the Attorney General, or, more generally, whether the Immigration and Nationality Act and the agency's regulations permit an IJ to amend an NTA *sua sponte*. If the IJ's amendment of Lazaro's NTA was *ultra vires*, he is not required to show prejudice to the outcome of his proceedings for relief to be granted. *Cf. Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 884 (9th Cir. 2003) ("Unlike a claimed due process violation, a component of which is to show prejudice, the BIA's lack of authority to enter Noriega-Lopez's removal order renders that component of his proceedings in essence, a legal nullity." (internal quotation marks and citations omitted)). In this context, we conclude that a remand to the BIA

---

[4]8 C.F.R. § 240.10(e) (1998), the regulation in effect at the time of Lazaro's 1998 removal hearings, was identical in all pertinent respects. *See also* 8 C.F.R. § 240.2(a) (1998) (equivalent and identical regulation to 8 C.F.R. § 1240.2(a), cited by the Attorney General).

is appropriate for the Board to consider Lazaro's argument regarding the IJ's amendment of his NTA in the first instance. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

In light of our disposition, we need not address Lazaro's remaining contentions. The parties shall bear their own costs.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**