Angrej **SINGH**, Petitioner,

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 05–73034.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2008.

Filed Aug. 28, 2008.

Martin Avila Robles, Immigration Practice Group A Professional Corporation,

San Francisco, CA, Christopher John Stender, Stender & Lappin, San Diego, CA, for Petitioner.

Alison Marie Igoe, Ada E. Bosque, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CLIFTON and N.R. SMITH, Circuit Judges, and SANDOVAL \*\*, District Judge.

MEMORANDUM \*\*\*

Angrej Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his motion to reopen exclusion proceedings conducted *in absentia.* We have jurisdiction under 8 U.S.C. § 1105a.[1]

The IJ did not abuse his discretion by denying Singh's motion to reopen because Singh's former counsel received proper notice of the exclusion hearing held on September 9, 1996. *See* 8 U.S.C. § 1252b(a)(2)(A); *see also Garcia v. INS,*

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA")

has replaced Section 1105 a with a new judicial review provision codified at 8 U.S.C. § 1252. However, the new provision does not apply to petitions such as Singh's, whose deportation proceedings commenced before April 1, 1997. *See* IIRIRA § 309(c)(1); *see also Valeriano v. Gonzales,* 474 F.3d 669, 672 (9th Cir.2007).

222 F.3d 1208, 1209 (9th Cir.2000) (per curiam) (notice to attorney of record constitutes notice to the petitioner).

The 1994 charging document was not facially deficient because it gave Singh sufficient notice of the grounds of his inadmissibility. *See Lazaro v. Mukasey*, 527 F.3d 977, 980 (9th Cir.2008). At oral argument, Singh abandoned his ineffective assistance of counsel claim, conceding that he had not established such a claim. Therefore, we need not reach the issue here.

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.