**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CHUYON YON HONG,
                            *Petitioner,*

v.

MICHAEL B. MUKASEY, Attorney General,

                            *Respondent.*

No. 06-72823

Agency No.
A71-953-072

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 7, 2007—San Francisco, California

Filed March 4, 2008

Before: Dorothy W. Nelson and Carlos T. Bea,
Circuit Judges, and Louis F. Oberdorfer,* Senior Judge.

Opinion by Judge D.W. Nelson

*The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designation.

2015

**COUNSEL**

Robert Baizer, Oakland, California, for the petitioner.

Song E. Park, United States Department of Justice, Washington, D.C., for the the respondent.

## OPINION

D.W. NELSON, Senior Circuit Judge:

Chuyon Hong petitions for review of the order for her removal from the United States. Petitioner argues that evidence used against her in removal proceedings should have been suppressed because it was obtained through violations of federal regulations committed by a United States immigration officer. Because the exclusionary rule does not generally apply to immigration proceedings, and Petitioner's due process rights were not violated, we deny in part her Petition for Review. Petitioner also seeks reconsideration of the denial of her application for cancellation of removal. However, we lack jurisdiction to review this discretionary decision, and dismiss this portion of the petition. Petitioner's petition is denied in part and dismissed in part.

## I. *Factual and Procedural Background*

Chuyon Hong, a native and citizen of South Korea, attained permanent resident status in the United States in or around 1992. She derived that status as a minor through her father, who had inappropriately secured his own status as a professional permanent resident alien holding an advanced degree or exceptional ability. Petitioner's father had obtained this status through participation in an illegal conspiracy in which bribes were exchanged for fraudulent green cards. Leland Sustaire, a supervisory officer at the former Immigration and Naturalization Service ("INS"), perpetrated the scheme.[1] To cover his

---

[1]On March 1, 2003, the INS ceased to exist as an independent agency within the Department of Justice and its enforcement functions were transferred to the Department of Homeland Security ("DHS"), pursuant to § 441 of the Homeland Security Act, Pub. L. No. 107-926, 116 Stat. 2135 (Nov. 25, 2002).

tracks, Sustaire had destroyed government files, but saved a list of "A" numbers that identified aliens who obtained unwarranted changes in their status. When a Department of Justice ("DOJ") investigation into the conspiracy began in 1994, Sustaire gave this list to his personal defense attorney, intending to provide prosecutors the aliens' identities in order to secure leniency for himself. Sustaire's attorney delivered the list, which identified Petitioner, to the DHS Office of Inspector General. DHS used the Sustaire list to determine whether aliens there listed had unlawfully obtained permanent resident alien status.

The presence of Hong's identifying A-number on the list led to her being placed in removal proceedings, where she was charged with being an alien not in possession of a valid immigrant visa or entry document at the time of her entry or status adjustment. Petitioner denied the charge of removability and alternatively applied for cancellation of removal. Petitioner was not charged with fraud or knowledge of the scheme in which her father participated.

Both prior to and at the hearing, Petitioner moved to exclude evidence that consisted of, or originated with, the Sustaire list. Petitioner argued that Sustaire had unlawfully obtained nonpublic information and violated agency regulations protecting Petitioner's right to privacy. The immigration judge ("IJ") rejected Petitioner's motion. The IJ determined that Petitioner had not shown she was prejudiced by the alleged violation of DOJ privacy regulations, because she had no procedural or substantive right to possess illegal residency documents, or to have possession of such documents concealed from the government. Though the IJ recognized that Sustaire's actions had placed Petitioner in an unenviable position, the Sustaire list and a transcript of Sustaire's testimony at a trial of a co-conspirator were admitted as evidence.

The IJ held that the charge of removability had been proven by clear, unequivocal, and convincing evidence. The IJ then

denied Petitioner's application for cancellation of removal because Petitioner could not demonstrate that her removal would cause exceptional and extremely unusual hardship to her child, the sole relative who qualified for consideration under § 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b).

On appeal, the Board of Immigration Appeals ("BIA") determined that the IJ had properly denied Petitioner's motion to suppress. The BIA stated that no rigid rule compelled exclusion of evidence from administrative proceedings, and that such exclusion was proper only where the prejudice to the individual was the result of the violation of a regulation intended to confer a benefit on that individual. *See Matter of Garcia-Flores*, 17 I. & N. Dec. 325, 327-28 (BIA 1980). The BIA held that Petitioner, as an alien holding her permanent alien status as a result of criminal fraud, had no protected interests violated. In addition, the BIA held the entire suppression issue meritless, because the Fourth Amendment exclusionary rule does not apply to removal proceedings. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050 (1984); *Matter of Sandoval*, 17 I. & N. Dec. 70, 79-80 (BIA 1979). The BIA also noted that the exclusionary rule does not apply where the government learns of the evidence from an independent source. *See Segura v. United States*, 468 U.S. 796, 797 (1984). Finally, the BIA agreed that Petitioner had failed to show sufficient hardship to warrant cancellation of removal, and affirmed that she was statutorily ineligible for this relief. Hong now seeks review of her removal order, arguing that the source of the critical evidence against her — the Sustaire list — should have been suppressed.

II.   *Standard of Review*

Questions of law, and in particular due process challenges to removal orders, are reviewed de novo. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We give deference under *Chevron U.S.A.*, *Inc. v. Natural Resources Defense Council,*

*Inc.*, 467 U.S. 837 (1984), to the agency's interpretation of the INA. *Parilla v. Gonzales*, 414 F.3d 1038, 1041 (9th Cir. 2005). We must give "controlling weight" to the Board's interpretation of immigration regulations "unless [the interpretation] is plainly erroneous or inconsistent with the regulation." *Providence Health System-Washington v. Thompson*, 353 F.3d 661, 665 (9th Cir. 2003).

### III.   *Jurisdiction*

Under 8 U.S.C. § 1252, we have jurisdiction to review the BIA's final order calling for Petitioner's removal. However, this authority does not extend to review of the Board's discretionary denial of Petitioner's application for cancellation of removal based on the IJ's finding petitioner did not prove her removal would result in exceptional and extremely unusual hardship. Such a finding "is a subjective, discretionary judgment that has been carved out of our appellate jurisdiction." *Romero-Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir. 2003); *see also* 8 U.S.C. § 1252(a)(2)(B)(I) ("[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review any judgment regarding the granting of relief under . . . . [the section governing cancellation of removal, 8 U.S.C. § 1229b.")  As a result, we have jurisdiction over Petitioner's petition for review of her removal order, but no authority to review the denial of her application for cancellation of removal.

### IV.   *Discussion*

#### A.   *The Exclusionary Rule Is Generally An Inappropriate Remedy In Immigration Proceedings.*

**[1]** The exclusionary rule is "an exceptional remedy typically reserved for violations of constitutional rights." *United States v. Smith*, 196 F.3d 1034, 1040 (9th Cir. 1999); *see also United States v. Calandra*, 414 U.S. 338, 348 (1974) (describing the exclusionary rule as a "judicially created remedy

designed to safeguard Fourth Amendment rights generally through its deterrent effect"). The Supreme Court has held the Fourth Amendment exclusionary rule does not generally apply in immigration proceedings, because, "[c]onsistent with the civil nature of the proceeding, various protections that apply in the context of a criminal trial do not apply . . . ." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984); *see also United States v. Janis*, 428 U.S. 433, 447 (1976) (The Supreme Court has "never . . . applied [the exclusionary rule] to exclude evidence from a civil proceeding, federal or state.") The *Lopez-Mendoza* Court found that applying the exclusionary rule would be particularly costly in the immigration context. *Lopez-Mendoza*, 468 U.S. at 1045-50. Unlike in a criminal case, where excluding evidence would merely prevent conviction for a prior crime, applying the rule here would allow for aliens' continued, unlawful presence in the country, and would thus "require the courts to close their eyes to ongoing violations of the law." *Id*. at 1046.

Here, the BIA cited these precedents and held the entire suppression issue without merit. The BIA did acknowledge that exceptional circumstances would justify an exception to the general rule announced in *Lopez-Mendoza*, but held that none of those special circumstances existed in Petitioner's case. Petitioner does not contest that the exclusionary rule is generally inapplicable in immigration proceedings. She contends, however, that an exception would be appropriate here, on the grounds that Sustaire's violation of an agency regulation compromised fundamental fairness and undermined her due process rights.

*B.   Petitioner Had No Protected Interest In Keeping Her Unlawful Status Secret From the Government.*

**[2]** The blanket rule announced in *Lopez-Mendoza* did not address the potential exclusion of evidence in two circumstances. First, the rule did not cover instances where transgressions implicate "fundamental fairness and undermine the

probative value of the evidence obtained." *Id.* at 1050-51. Second, the Court did not address challenges "to the INS's own internal regulations." *Id*. The inadmissibility of evidence that undermines fundamental fairness stems from the Fifth Amendment due process guarantee that operates in removal proceedings. *See*, *e.g.*, *Bridges v. Wixon*, 326 U.S. 135, 152-53 (1945); *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267-68 (1954). As for the specific application of this doctrine in a case of alleged regulatory violations, there is no "rigid rule . . . under which every violation of an agency regulatory requirement results in . . . the exclusion of evidence from administrative proceedings." *Matter of Garcia-Flores*, 17 I. & N. Dec. 325, 327 (BIA 1980). Instead, the BIA has adopted from the Ninth Circuit a two-prong test to evaluate the potential exclusion of evidence obtained through a violation of agency regulations. First, the regulation must serve a "purpose of benefit to the alien." *Id*. at 328. Second, the regulatory violation will render the proceeding unlawful "only if the violation prejudiced interests of the alien which were protected by the regulation." *Id*.

**[3]** Here, the parties dispute whether Sustaire even violated the principal regulation upon which Petitioner relies. That regulation, 5 C.F.R. § 2635.703(a), forbids "the improper use of nonpublic information to further [an employee's] own private interest . . . by knowing unauthorized disclosure." Nonpublic information is defined as information the employee gains by reason of federal employment and "knows or reasonably should know has not been made available to the general public . . . [or] been disseminated to the general public." 5 C.F.R. § 2635.703(b).

**[4]** Petitioner asserts that Sustaire improperly used nonpublic information to further his private interest when he shared Petitioner's A-number with his criminal defense attorney in the hopes of obtaining lenient treatment from prosecutors. Although it is not clear the regulation bars such actions, we need not reach this question because petitioner fails the sec-

ond prong of the *Garcia-Flores* test. First, the evidence in question — an alien's identifying A-number — does not qualify as nonpublic information under the terms of the regulation, because the number is available on public documents, including memoranda issued by a court in an immigration matter.

**[5]** Second, the benefit Sustaire received — leniency in exchange for cooperation with prosecutors — does not seem to be barred by the regulation. The regulation prohibits employees from misusing such information "in a financial transaction . . . or allow[ing] the improper use . . . to further his own private interest or that of another, whether through advice or recommendation, or by knowing unauthorized disclosure." 5 C.F.R. § 2635.703(a). Sustaire could be said to have furthered his own interest as he provided information to investigators in return for more lenient treatment than he otherwise would have received. Yet the regulation is written so as to prevent government employees from profiting from misusing information, not to prevent criminals from cooperating with a legitimate investigation. To bar evidence because it came through cooperation would force us to credit an argument "that has been rejected by every circuit that has considered it," including the Ninth. *United States v. Smith*, 196 F.3d 1034, 1038 (9th Cir. 1999).

Even if Sustaire had violated the regulation, the evidence gained thereby would still not be suppressed unless Petitioner could demonstrate, under the *Garcia-Flores* two-part test, that she held protected interests that were prejudiced by the violation. Petitioner argues that her privacy interests were violated, and that the violation prejudiced her by providing evidence of her removability. This argument fails, however, because Petitioner held no protected interest in keeping from the government the unlawful means by which she obtained her status.

**[6]** Petitioner's right to privacy, whatever its contours, does not extend to keeping secret the fact that she obtained her status through an act of criminal fraud. While the circumstances

were unfortunate in that Petitioner's father, rather than Petitioner herself, unlawfully procured her status, it was not fundamentally unfair for the evidence of this crime to be admitted. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (reversal of a BIA decision on due process grounds is available where the petitioner suffered prejudice, and the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case.") Petitioner argues she was prejudiced by the introduction of the evidence because it provided the basis for her removal. Clearly the evidence hurt Petitioner's case. But *Garcia-Flores* does not bar evidence that prejudices a petitioner; the rule bars evidence that prejudices *protected interests* held by that petitioner. Here, Petitioner never obtained a lawful benefit that warranted protection by the regulation. She was thus not deprived of any protected right, because the only element of her case that she sought to keep private was the fact that she earned her status unlawfully.

[7] We hold that in this immigration proceeding, where the regulation appears not to have been violated, and any alleged violation would still not have deprived Petitioner of any protected right, the evidence was properly admitted.

*Conclusion*

[8] We DENY in part Petitioner's petition for review because the exclusionary rule does not generally apply in immigration proceedings and petitioner's due process rights were not violated such that probative evidence should have been suppressed. We DISMISS her petition in part because we lack jurisdiction to review the discretionary decision to deny her application for cancellation of removal.

**DENIED IN PART, DISMISSED IN PART**