Jorge Omar **MIER–FIORITO,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 04–75683.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2008.*

Filed June 11, 2008.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: THOMPSON, O'SCANNLAIN, TALLMAN, Circuit Judges.

## MEMORANDUM **

Jorge Omar Mier–Fiorito (Mier–Fiorito), petitions for review of a decision of the Board of Immigration Appeals (BIA), dismissing his appeal from a decision by an Immigration Judge (IJ), in which he was found to be removable as an overstay under 8 U.S.C. § 1227(a)(1)(B). Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

We review the BIA's findings of fact for substantial evidence. *Lanza v. Ashcroft,* 389 F.3d 917, 933 (9th Cir.2004). "We review the BIA's determination of purely legal questions regarding the Immigration and Nationality Act de novo." *Kankamalage v. INS,* 335 F.3d 858, 861 (9th Cir. 2003). "We give deference ... [and][w]e must give controlling weight to the Board's interpretation of immigration regulations unless [the interpretation] is plainly erroneous or inconsistent with the regulation." *Chuyon Yon Hong v. Mukasey,* 518 F.3d

** This disposition is not appropriate for publication and is not precedent except as provid-· ed by 9th Cir. R. 36–3.

1030, 1034 (9th Cir.2008) (internal citations and internal quotation marks omitted).

*Whether The INS Can Charge Mier–Fiorito With Overstaying His Visa When The Overstay Came Into Effect After He Was Already In Removal Proceedings*

As the BIA correctly determined, the law is clear that "[a]t any time during [removal] proceeding[s], additional or substituted charges of inadmissibility and/or deportability and/or factual allegations may be lodged." *See* 8 C.F.R. § 1240.10(e).

*The Lodging of the Overstay Charge*

■ It is well established that "an immigrant is deportable as an overstay when his period of admission expires *unless* he receives an extension." *Samimi v. INS,* 714 F.2d 992, 994 (9th Cir.1983) (emphasis in original); *see also Shahla v. INS,* 749 F.2d 561, 563 (9th Cir.1984). Beyond his having admitted that the overstay charge "would be sustainable" if his appeal of the revocation decision was denied, which it was, Mier–Fiorito admitted the facts giving rise to the conclusion that he was deportable as an overstay:[1] his visa had been revoked; his appeal of that revocation denied; and he remained in the United States, without the benefit of a visa extension. Thus, substantial evidence supports the finding that Mier–Fiorito is deportable as an overstay. *See* 8 U.S.C. § 1227(a)(1)(B).

■ While it is true that the overstay charge was lodged before Mier–Fiorito's visa was actually revoked, the record reflects that he suffered no prejudice as a result. *See Salgado–Diaz v. Gonzales,* 395 F.3d 1158, 1162 (9th Cir.2005). Instead, upon learning of the overstay charge Mier–Fiorito conceded that the charge "would be sustainable if they deny our appeal" and invited the IJ "to wait for that appeal, if that second charge is something the INS wants to pursue."[2] The IJ accepted his invitation to continue proceedings and resumed them after Mier–Fiorito received notice of the revocation of his visa; appealed that revocation; received his denial of that appeal; had his visa finally revoked; and after both parties were given numerous opportunities to further develop their arguments, submit additional documents and be heard by the IJ.

We conclude, therefore, that Mier–Fiorito suffered no due process violation resulting from the timing of the lodging of the overstay charge. *See id.* (explaining that in order for there to be a due process violation, the alien must have been denied "a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf" and "must demonstrate that he was prejudiced by the violation" (internal citations and internal quotation marks omitted)).

*Whether Mier–Fiorito Was Deportable As An Overstay Where Fraud Charges Were Also Pending*

■ Mier–Fiorito relies on *Mashi v. INS,* 585 F.2d 1309 (5th Cir.1978), to argue "the government should not be permitted to create the preconditions for an alien becoming removable." His reliance on *Mashi* is misplaced. In that case, it was the INS that created the conditions which

---

1. Mier–Fiorito did not, however, agree with the conclusion that he was deportable as an overstay, and contested that conclusion at various times throughout the proceedings.

2. In fact, in his "Statement Regarding Removability" filed with the IJ on June 12, 2003, Mier–Fiorito's counsel explained that his "visa was finally revoked on February 11, 2003. As such he concedes that he no longer has a valid visa which would sustain a charge under the act-just not the ones leveled against him so far."

compromised Mashi's visa status. *See Mashi*, 585 F.2d at 1315 n. 12. In Mier–Fiorito's case, there is no evidence, nor even the suggestion, that the revocation of Mier–Fiorito's visa was caused by any action of the INS. On the contrary, the record reflects that it was Mier–Fiorito's own failure to comply with the conditions necessary to maintain his status which prompted the revocation of his visa.

Mier–Fiorito argues that he could not depart the United States "without abandoning his right to defend himself and with the result of an *in absentia* removal order" based on the fraud charge. (emphasis in original). This argument is likewise unpersuasive. An alien may depart the United States in lieu of participating in continued proceedings. *See* 8 U.S.C. § 1229c(a)(1). Mier–Fiorito could have availed himself of this option. In fact, this is nearly identical to the course of action the IJ ultimately suggested: upon reaching its conclusion that Mier–Fiorito was removable as an overstay, the IJ offered that he could voluntarily depart and the IJ would decline to address the fraud charge at all.

The petition for review is DENIED.[3]

---

**3.** Because we conclude that substantial evidence supports the BIA's conclusion that Mier–Fiorito was deportable as an overstay, we decline to reach the question whether res judicata would apply if we reached the contrary conclusion.