**Eugene Ramac CASTRONUEVO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Eugene Ramac Castronuevo, Petitioner,**

v.

**Michael B. Mukasey, Attorney General, Respondent.**

Nos. 04–76473, 05–72495.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2008.*

Filed June 24, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert P. Gaffney, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Luis E. Perez, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TASHIMA, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

Eugene Castronuevo, a native and citizen of the Philippines, was admitted to the United States as a lawful permanent resident in 1991. He petitions for review of two decisions of the Board of Immigration Appeals ("Board" or "BIA"). In the first petition, No. 04–76473, the BIA dismissed Castronuevo's appeal from a decision of an Immigration Judge ("IJ"), finding Castronuevo removable for having committed two crimes involving moral turpitude ("CIMT"), denying his application for cancellation of removal, and ordering him removed to the Philippines. In the second petition, No. 05–72495, the BIA denied Castronuevo's motion for reconsideration. We dismiss No. 04–76473 for lack of jurisdiction, and we deny the petition in No. 05–72495.

■ "We determine our jurisdiction de novo." *Sillah v. Mukasey,* 519 F.3d 1042, 1043 (9th Cir.2008) (per curiam). In No. 04–76473, Castronuevo seeks review of the BIA's December 2, 2004, decision, which addresses only the IJ's discretionary decision denying cancellation of removal.[1] We do not have jurisdiction over the BIA's discretionary denial of cancellation of removal. *Chuyon Yon Hong v. Mukasey,* 518 F.3d 1030, 1034 (9th Cir.2008); *see* 8 U.S.C. § 1252(a)(2)(B)(i) (providing that "no court shall have jurisdiction to review

... any judgment regarding the granting of relief under section ... 1229b"). We therefore dismiss the petition in No. 04–76473 for lack of jurisdiction.

■ With respect to Castronuevo's second petition, No. 05–72495, the Board did not abuse its discretion in denying Castronuevo's motion for reconsideration. *See Ghahremani v. Gonzales,* 498 F.3d 993, 997 (9th Cir.2007) (stating that the BIA's denial of a motion to reconsider is reviewed for an abuse of discretion). Nor did the Board err in its interpretation of the statute. *See Ortega–Cervantes v. Gonzales,* 501 F.3d 1111, 1113 (9th Cir.2007) (stating that the Board's legal conclusions are reviewed de novo, " 'except to the extent that deference is owed to its interpretation of the governing statutes and regulations' ") (quoting *Garcia–Quintero v. Gonzales,* 455 F.3d 1006, 1011 (9th Cir. 2006)).[2]

Contrary to Castronuevo's argument, 8 U.S.C. § 1227(a)(2)(A)(ii) does not modify § 1227(a)(2)(A)(i). Rather, § 1227(a)(2)(A) sets forth discrete categories of general offenses that render an alien removable. The plain language of the statute evinces an intent to require only one CIMT for removability if that offense was a felony, but to require two or more CIMTs where there is no minimum sentence requirement. Congress clearly distinguished between the two subsections and did not

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the factual and procedural background, we do not recite it here except as necessary to aid in understanding this disposition.

2. Although the government argues that the BIA's statutory interpretation is entitled to deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S.

837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), where, as here, " 'the BIA's decision was an unpublished disposition, issued by a single member of the BIA, which does not bind third parties,' we employ the less deferential *Skidmore* standard." *Ortega–Cervantes,* 501 F.3d at 1113 (quoting *Garcia–Quintero,* 455 F.3d at 1012, 1014 (citing *Skidmore v. Swift & Co.,* 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944))).

place a minimum sentence requirement in subsection (ii).

Castronuevo also argues that the phrase, "for which a sentence of one year or longer may be imposed," found in § 1227(a)(2)(A)(i)(II), should be read as requiring a sentence of longer than one year. This argument is not relevant because the minimum sentence requirement does not apply to § 1227(a)(2)(A)(ii). Even if it did apply, Castronuevo's exposition of the phrase does not make sense. The use of the word "or" does not mean that a sentence longer than one year must be imposed in order to qualify. Instead, it means that the sentence that may be imposed must be at least one year in order for the offense to qualify.

Castronuevo's reliance on the petty offense exception to inadmissibility, found in 8 U.S.C. § 1182(a)(2)(A)(ii)(II), is unavailing because it simply does not apply to his situation. He is not applying for a waiver of inadmissibility, but for cancellation of removal as a lawful permanent resident. The BIA correctly reasoned that "there is no waiver or petty offense exception for section 237(a)(2)(A)(ii) of the Act."

Castronuevo also contends that the BIA erred in its application of its discretion in denying his application for cancellation of removal, arguing that the Board failed to consider the significance of his status as a lawful permanent resident. The Board's exercise of discretion in considering an application for cancellation of removal is not reviewable by this court. *Chuyon Yon Hong*, 518 F.3d at 1034.

■ Castronuevo argues that the BIA erroneously relied on *In re Mendez–Moralez*, 21 I. & N. Dec. 296 (BIA 1996), in weighing the adverse factor of his conviction based on his conduct toward his former girlfriend's younger sister. The Board's reliance on Castronuevo's convictions in deciding not to exercise its discre-

tion to grant cancellation of removal is a discretionary decision not subject to judicial review.

■ Finally, Castronuevo argues that the Board violated his due process rights by failing to consider the circumstances surrounding his conviction. Castronuevo does not have a due process right to require the BIA to consider circumstances beyond the fact of his conviction in deciding whether the equities weigh in favor of granting his application for cancellation of removal.

In sum, the Board did not abuse its discretion in denying Castronuevo's motion for reconsideration.

In No. 04–76473, the petition for review is **DISMISSED.**

In No. 05–72495, the petition for review is **DENIED.**