**Adan GUTIERREZ–ROMO, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**Adan Gutierrez–Romo, Petitioner,**

v.

**Michael B. Mukasey, Attorney General, Respondent.**

Nos. 04–73946, 04–76486.

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 2008.\*\*

Filed July 21, 2008.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gary Finn, Law Offices of Gary Finn, Indio, CA, for Petitioner.

Adan Gutierrez–Romo, El Centro, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lisa M. Arnold, Jennifer L. Lightbody, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM ***

Adan Gutierrez–Romo petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the denial of his cancellation of removal application; his motion to reopen; and for review of a related decision of the Legalization Appeals Unit (LAU) determining that his Special Agricultural Worker (SAW) appeal was untimely.

■ Gutierrez–Romo's application for cancellation of removal was denied because he failed to establish the requisite "exceptional and extremely unusual hardship" upon his removal. We lack jurisdiction to review this discretionary determination. *Chuyon Yon Hong v. Mukasey,* 518 F.3d 1030, 1034 (9th Cir.2008).

We retain jurisdiction to consider colorable due process claims arising in connection with a discretionary hardship determination. *See Fernandez v. Gonzales,* 439 F.3d 592, 596 (9th Cir.2006). However, contrary to Gutierrez–Romo's assertion, the Immigration Judge (IJ) did not improperly focus on the fact that Gutierrez–Romo's wife had filed a petition on his behalf. Accordingly, we dismiss this portion of the petition for lack of jurisdiction. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction").

Gutierrez–Romo's petition for review of the BIA's denial of his motion to reopen must also be dismissed for lack of jurisdiction because the motion addressed the same basic hardship ground previously considered by the IJ. *See Fernandez,* 439 F.3d at 600.

We have jurisdiction to review the LAU's dismissal of Gutierrez–Romo's application for legal temporary residence. *See* 8 U.S.C. § 1160(e)(3). "Determinations contained in a denial of SAW status shall be conclusive unless the applicant can establish abuse of discretion or that the findings are directly contrary to clear and convincing facts contained in the record considered as a whole." *Perez–Martin v. Ashcroft*, 394 F.3d 752, 758 (9th Cir.2005) (citation and internal quotation marks omitted).

■ The LAU did not abuse its discretion in determining that the appeal was untimely. Nor is that determination contradicted by clear and convincing facts contained in the record as a whole. The Notice of Decision was issued to Gutierrez–Romo on November 14, 1991. Pursuant to LAU regulations, Gutierrez–Romo had thirty days from the date of mailing of the Notice of Denial (here, labeled "Notice of· Decision") to submit an appeal. 8 C.F.R. § 103.3(a)(3)(i). Because the notice was mailed, this period was extended by three days. 8 C.F.R. § 103.5a(b). Thus, Gutierrez–Romo had until December 17, 1991, to submit his appeal to LAU. However, Gutierrez–Romo's appeal was dated December 30, 1991, and was received by the Service on January 7, 1992.

Gutierrez–Romo raises an additional due process argument, asserting that the LAU's Notice of Decision was "confusing and· unclear" as to when his appeal was due. However, the Instructions accompanying the appeal form instructed that "[t]he thirty (30) day period for submitting an appeal 'begins three days after the notice of denial is mailed." Additionally, the Notice of Decision stated that "[i]f no appeal is filed within the time allowed, this decision is final." Because Gutierrez–Romo had sufficient notice that his appeal would be rejected if not timely, we deny this portion of his petition.

**PETITION DISMISSED in part and DENIED in part.**