**YOUNGAE SONG; Kae Hyung Song; Kae Sun Song, Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–74067.**

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed July 31, 2009.

Alex C. Park, Esquire, Law Offices of Alex C. Park, Santa Clara, CA, for Petitioners.

Achiezer Guggenheim, OIL, John Hogan, Senior Litigation Counsel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Youngae Song and her two children, natives and citizens of South Korea, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

We reject petitioners' contention that the government failed to establish removability by clear and convincing evidence, because Kae Sun Song conceded removability, *see Shin v. Mukasey,* 547 F.3d 1019, 1024 (9th Cir.2008), Youngae and Kae Hyung Song lacked valid entry documents, *see Sinotes–Cruz v. Gonzales,* 468 F.3d 1190, 1197 (9th Cir.2006).

We also reject petitioners' contention that the government should be equitably estopped from ordering their removal. Although a government employee, Leland Sustaire, issued Youngae Song's fraudulent alien registration card (Kae Hyung and Kae Sun Song were derivative beneficiaries), the record shows Youngae Song was not "ignorant of the true facts" when she procured the card, *see Shin,* 547 F.3d at 1025, and "[i]n any event, estoppel against the government is unavailable where petitioners have not lost any rights to which they were entitled." *Sulit v. Schiltgen,* 213 F.3d 449, 454 (9th Cir.2000).

Finally, we find no defects amounting to a due process violation. *See Shin,* 547 F.3d at 1024–25; *Hong v. Mukasey,* 518 F.3d 1030, 1035–36 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.