**JUNG HWAN KIM, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–72719.**

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed July 31, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

---

Alex C. Park, Esquire, Law Offices of Alex C. Park, Santa Clara, CA, for Petitioner.

Kevin James Conway, Esquire, Richard M. Evans, Esquire, Assistant Director, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

R.App. P. 34(a)(2).

MEMORANDUM **

Jung Hwan Kim, a native and citizen of South Korea, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

We reject Kim's contention that the government failed to establish removability by clear and convincing evidence, because Kim conceded removability. *See Shin v. Mukasey,* 547 F.3d 1019, 1024 (9th Cir.2008).

We also reject Kim's contention that the government should be equitably estopped from ordering him removed. Although a government employee, Leland Sustaire, issued the fraudulent alien registration card, and Kim was merely a derivative beneficiary, the record shows Kim's father was not "ignorant of the true facts" when he procured the card, *id.* at 1025, and, "[i]n any event, estoppel against the government is unavailable where petitioners have not lost any rights to which they were entitled." *Sulit v. Schiltgen,* 213 F.3d 449, 454 (9th Cir.2000).

Finally, we find no defects amounting to a due process violation. *See Shin,* 547 F.3d at 1024–25; *Hong v. Mukasey,* 518 F.3d 1030, 1035–36 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

