**EUN HEE LEE, aka Eunhee Lee; Jung Woo Kim; Joo Yon Kim, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–72826.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

Alex C. Park, Esquire, Law Offices of Alex C. Park, Santa Clara, CA, for Petitioners.

Christina Bechak Parascandola, Trial, Gary J. Newkirk, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, De-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

partment of Homeland Security, San Francisco, CA, for Respondent.

■■■

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Eun Hee Lee and her two children, Jung Woo Kim and Joo Yon Kim, natives and citizens of South Korea, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing "whether substantial evidence supports a finding by clear and convincing evidence" that petitioners are removable, *Nakamoto v. Ashcroft*, 363 F.3d 874, 881–82 (9th Cir.2004), we deny the petition for review.

■ We reject petitioners' contention that the government failed to establish removability by clear and convincing evidence, because Lee admitted she knew her green card was not correct and proper, *see Barragan–Lopez v. Mukasey*, 508 F.3d 899, 905 (9th Cir.2007) (petitioner's "own admissions constitute clear, convincing, and unequivocal evidence" of removability), the government submitted substantial evidence of the conspiracy to issue fraudulent green cards in exchange for monetary bribes, and petitioners all lacked valid entry documents, *see Sinotes–Cruz v. Gonzales*, 468 F.3d 1190, 1197 (9th Cir.2006) ("A determination of removability by an IJ or the BIA must be 'based upon reasonable, substantial, and probative evidence.'" (quoting 8 U.S.C. § 1229a(c)(3)(A))).

** This disposition is not appropriate for publication and is not precedent except as provid-

■ We also reject petitioners' contention that the government should be equitably estopped from ordering their removal. Although a government employee, Leland Sustaire, issued petitioners' fraudulent alien registration cards, the record shows Lee was not "ignorant of the true facts" when she procured the cards, *see Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008), and "[i]n any event, estoppel against the government is unavailable where petitioners have not lost any rights to which they were entitled." *Sulit v. Schiltgen*, 213 F.3d 449, 454 (9th Cir.2000).

Finally, we find no defects amounting to a due process violation. *See Shin*, 547 F.3d at 1024–25; *Hong v. Mukasey*, 518 F.3d 1030, 1035–36 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**