*237 MEMORANDUM **
Jayoung Moon and her sister, Hayoung Moon, natives and citizens of South Korea, petition for review of the Board of Immigration Appeals’ (“BIA”) order dismissing their appeal from an immigration judge’s order of removal and denying their motion to remand to apply for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing “whether substantial evidence supports a finding by clear and convincing evidence” that petitioners are removable, Nakamoto v. Ashcroft, 363 F.3d 874, 881-82 (9th Cir.2004), we deny the petition for review.
We reject petitioners’ contention that the government failed to establish removability by clear and convincing evidence because petitioners admitted they lacked valid entry documents and presented no evidence to the contrary. See Sinotes-Cruz v. Gonzales, 468 F.3d 1190, 1195, 1197 (9th Cir.2006).
We also reject petitioners’ contention that the government should be equitably estopped from ordering their removal. Although a government employee, Leland Sustaire, issued the fraudulent alien registration card to petitioners’ father, and they were merely derivative beneficiaries, the record shows petitioners’ father was not “ignorant of the true facts” when he procured the card, Shin v. Mukasey, 547 F.3d 1019, 1025 (9th Cir.2008), and, “[i]n any event, estoppel against the government is unavailable where petitioners have not lost any rights to which they were entitled.” Sulit v. Schiltgen, 213 F.3d 449, 454 (9th Cir.2000).
In their opening brief, petitioners fail to raise, and therefore have waived, any challenge to the BIA’s denial of their motion to remand to apply for cancellation of removal. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir.1996) (issues not supported by argument are deemed abandoned).
Finally, we find no defects amounting to a due process violation. See Shin, 547 F.3d at 1024-25; Hong v. Mukasey, 518 F.3d 1030, 1035-36 (9th Cir.2008).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.