**NOT FOR PUBLICATION**

MAR 31 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN ZAHN,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>JOHN McHUGH,[*] Secretary of the Army,<br><br>    Defendant - Appellee. | No. 09-35043<br><br>D.C. No. 2:03-cv-00356-EFS<br><br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted March 16, 2010 [***]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

---

[*]    John McHugh is substituted for his predecessor, Francis J. Harvey, as Secretary of the Army, pursuant to Fed. R.App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. Accordingly Davenport's request for oral argument is denied.

IL/Research

Brian Zahn appeals pro se from the district court's judgment for defendant following a bench trial in his action alleging retaliation in violation of Title VII, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA") and the Washington Law Against Discrimination ("WLAD"). We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's factual findings as to retaliatory intent, *Jauregui v. City of Glendale,* 852 F.2d 1128, 1131 (9th Cir. 1988), and for abuse of discretion its evidentiary rulings, *Janes v. Wal-Mart Stores, Inc.*, 279 F.3d 883, 886 (9th Cir. 2002). We affirm.

The district court did not clearly err by finding that Zahn failed to prove that the instruction that he not return to work was motivated by any protected status under Title VII, the ADA, the RA or the WLAD. *See Lam v. Univ. of Haw.*, 40 F.3d 1551, 1565-66 (9th Cir. 1994) (holding that the district court's finding of no discrimination under Title VII was not clearly erroneous because the finding was supported by the record); *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001) (holding Title VII analysis applies in ADA case); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (recognizing standards to determine discrimination are the same under the RA and the ADA);

*Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065-66 (9th Cir. 2003) (recognizing the same analysis applies under the WLAD and Title VII).

The district court did not abuse its discretion by denying the admission at trial of affidavits Zahn contends supported his case. *See* Fed. R. Evid. 801(c) and 804(a); *cf. Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 713 (9th Cir. 1992) (explaining that, to be admissible under Fed. R. Evid. 804, affidavits require more than an oath alone to guarantee the trustworthiness of the affiant). The district court also did not abuse its discretion by admitting letters from Zahn's physician and psychologist. *See Chuyon Yon Hong v. Mukasey*, 518 F.3d 1030, 1034 (9th Cir. 2008) (explaining that the exclusionary rule "is an exceptional remedy typically reserved for violations of constitutional rights" in criminal cases) (citations and internal quotation marks omitted); *cf. Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454, 1456 (9th Cir. 1983) (holding evidence properly admitted as non-hearsay during trial in a Title VII action to show non-discriminatory intent).

We decline to consider Zahn's contentions concerning the district court's denial of his motion to amend his complaint to conform to the evidence at trial concerning a possible cause of action for constructive discharge. Zahn has provided no citations to the record permitting any determination as to whether or

IL/Research

09-35043

not such an amendment was warranted. *See Syncom Capital Corp. v. Wade*, 924

F.2d 167, 169 (9th Cir. 1991) (dismissing appeal of pro se appellant who did not

ensure that the court had a complete trial transcript to enable review of his

contentions).

Zahn's remaining contentions are unpersuasive.

**AFFIRMED.**

IL/Research