**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO PAULA BRITO, AKA Francisco Paula Simones De Brito, | No. 17-72644 |
| Petitioner, | Agency No. A092-107-545 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2020**
Pasadena, California

Before: GOULD and LEE, Circuit Judges, and KORMAN,*** District Judge.

Francisco Brito, a native and citizen of Portugal, petitions for review of the

Board of Immigration Appeal's decision affirming an Immigration Judge's denial of

a discretionary waiver of inadmissibility under 8 U.S.C. § 1182(h). We review

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).
\*\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

questions of law and and due process challenges *de novo*. *Hong v. Mukasey*, 518 F.3d 1030, 1034 (9th Cir. 2008). We deny the petition.

1. 8 U.S.C. § 1252(a)(2) provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section 1182(h)" with the exception of "constitutional claims or questions of law." 8 U.S.C. §§ 1252(a)(2)(B), (D). Brito seeks to avoid this jurisdictional bar by asserting that the agency employed the wrong legal standard in adjudicating his application for a waiver of inadmissibility. But contrary to Brito's characterization of the agency's decisions, the agency in fact: (1) did not impose remorse as a categorical requirement; (2) considered the absence of subsequent criminal activity following Brito's 1989 conviction as a positive factor; (3) accounted for the hardship to Brito and his family; and (4) credited the testimony of Brito's daughter. To the extent Brito is challenging the manner in which the agency weighed the evidence, we lack jurisdiction under 8 U.S.C. § 1252(a)(2) to review the agency's factfinding. *See Mendoza v. Holder*, 623 F.3d 1299, 1302 (9th Cir. 2010).

2. Brito has not established that any competency or translation issue during his testimony violated due process. To prevail on a procedural due process claim, an alien must demonstrate: (1) that the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case; and (2) resulting prejudice. *Mendez-Garcia v. Lynch*, 840 F.3d 655, 665 (9th Cir. 2016).

Brito can show neither. While there were multiple instances of translation difficulties and momentary confusion, they were either resolved through follow-up questioning or did not impact the substance of Brito's testimony. Notably, Brito is unable to identify a single occasion in which competency or translation issues affected his testimony in a manner that may have changed the outcome of the proceedings. Accordingly, because the record does not reflect fundamental unfairness or resulting prejudice, Brito's due process claim fails.

**DENIED.**