

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTONIO BORJAS-TRANQUILINO,
AKA Antonio Borja,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   19-70628

Agency No. A206-406-333

MEMORANDUM\*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2022\*\*
Pasadena, California

Before:  IKUTA and NGUYEN, Circuit Judges, and DANIELS,\*\*\* District Judge.

Antonio Borjas-Tranquilino seeks review of a decision of the Board of

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ") denial of his applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We lack jurisdiction to review the agency's denial of Borjas-Tranquilino's request for cancellation of removal. The IJ and the BIA based this decision on the conclusion that removal would not cause "exceptional and extremely unusual" hardship, and we lack jurisdiction to review this determination. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), 1229b(b)(1)(D); *Chuyon Yon Hong v. Mukasey*, 518 F.3d 1030, 1034 (9th Cir. 2008) (holding that an IJ's "exceptional and extremely unusual hardship … finding 'is a subjective, discretionary judgment that has been carved out of our appellate jurisdiction.'" (citation omitted)). Further, Borjas-Tranquilino failed to raise a "constitutional claim" or "question of law" to the BIA and IJ's findings to support his request for cancellation of removal. Petitioner fails to raise a mixed question sufficient to establish jurisdiction under *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020). *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980-81 (9th Cir. 2009) (holding that the court lacks jurisdiction to review the application of the "exceptional and extremely unusual hardship" standard to undisputed facts because that remains a discretionary determination). Therefore,

without a "constitutional claim" or "question of law," this Court does not have jurisdiction to review that decision. *See* 8 U.S.C. § 1252(a)(2)(D).

Substantial evidence supports the IJ and BIA determination that Borjas-Tranquilino failed to establish past persecution to support his asylum and withholding of removal requests because he did not allege that he suffered harm rising to the level of persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1063 (9th Cir. 2021). Moreover, Borjas-Tranquilino failed to evidence how his assault as a teenager or the threats he received after returning to Mexico establish a well-founded fear of future persecution or a clear probability of future persecution. Therefore, we uphold the IJ and BIA denial of Borjas-Tranquilino's asylum and withholding of removal requests.

Finally, substantial evidence supports the BIA and IJ decision to deny Borjas-Tranquilino's CAT request because he failed to demonstrate that if he returned to Mexico, he would more likely than not be tortured by or with the acquiescence of the Mexican government. *See* 8 C.F.R. § 1208.18(a)(1); *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003).[1]

**PETITION DENIED IN PART AND DISMISSED IN PART**.

---

[1] Because the BIA did not discuss the IJ's determination that Borjas-Tranquilino's testimony was not credible, we do not address his arguments on this issue.