FILED

MAR 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10236 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01296-ROS-1 |
| v. | |
| GARY LEE LARGE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Submitted March 9, 2015[**]
San Francisco, California

Before: WALLACE, M. SMITH, and WATFORD, Circuit Judges.

Gary Large appeals from his jury conviction of six counts of making a false statement in connection with the acquisition of a firearm, one count of conspiracy to make a false statement in connection with the acquisition of a firearm, and one

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

count of possession of a firearm with an obliterated serial number. Large claims that there was insufficient evidence at trial to convict him of these offenses, and claims that the jury instructions for possession of a firearm with an obliterated serial number were given in error. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

"We review *de novo* the district court's denial of a motion for judgment of acquittal based on insufficient evidence." *United States v. Ruiz-Lopez*, 749 F.3d 1138, 1141 (9th Cir. 2014) (internal citation omitted). Additionally, "we view the evidence in the light most favorable to the prosecution, and then determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* Using this standard, we hold that there was sufficient evidence for a reasonable trier of fact to find Large guilty of making false statements in connection with the acquisition of firearms, conspiracy to make a false statement in connection with the acquisition of a firearm, and possession of a firearm with an obliterated serial number. On multiple firearms transfer records, Large listed addresses other than his current residential address, and he claimed that he was the "actual transferee/buyer" of the guns, despite the fact that he did not have the means to acquire dozens of guns for himself. The jury also heard

2

testimony that Large and neighbors at his apartment complex had agreed to participate in a gun-buying scheme. Finally, the jury heard testimony from Salvador Resa from which it could reasonably conclude that Large himself had removed the serial number from the firearm at issue in Count 8.

"We review a complaint regarding jury instruction for plain error where a defendant neither proposed nor objected to a jury instruction." *United States v. Lopez*, 477 F.3d 1110, 1113 (9th Cir. 2007) (internal citation omitted). "[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (internal quotations and citations omitted). Large has failed to meet this standard as the district court's jury instructions for possession of a firearm with an obliterated serial number were not erroneous. The district court followed this circuit's model instructions, which required the jury to find that Large knew the FN pistol's serial number was obliterated.

**AFFIRMED.**

3