**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

MARIO MODESTO GONZALEZ-CORN,
AKA Mario M. Gonzalez, AKA
Mario Modesto Gonzalez,
*Defendant-Appellant*.

No. 13-50480

D.C. No.
2:13-cr-00120-
GW-1

OPINION

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted
May 5, 2015—Pasadena, California

Filed July 17, 2015

Before: Raymond C. Fisher, Carlos T. Bea
and Michelle T. Friedland, Circuit Judges.

Opinion by Judge Fisher

## SUMMARY[*]

### Criminal Law

The panel affirmed a conviction for illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326(a).

The panel held that the defendant's prior conviction under the federal Controlled Substances Act (CSA), for possessing marijuana with the intent to distribute, resulting in a sentence exceeding one year, was for an aggravated felony under the Immigration and Nationality Act (INA). The panel held that because the INA incorporates felony violations of the CSA into its definition of "aggravated felony," and because the defendant was convicted of a felony violation of the CSA, his conviction qualifies as an aggravated felony on its face. The panel concluded that there is, accordingly, no need to compare the elements of his conviction to the elements of a generic federal offense of possession with intent to distribute marijuana to determine if his conviction was for an aggravated felony, as set forth in *Taylor v. United States*, 495 U.S. 575 (1990), and *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013). The panel explained that in the aggravated felony context, the *Taylor* approach is intended for cases in which the defendant (or petitioner, in the immigration context) was convicted under a statutory scheme that is not directly incorporated into the INA, such as a conviction under state law.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that the district court did not err when it instructed the jury that it could infer the defendant's alienage from his prior deportation order in combination with his admissions regarding his alienage.

## COUNSEL

Kurt Mayer and Kathryn A. Young (argued), Deputy Federal Public Defenders; Sean K. Kennedy, Federal Public Defender; Hilary Potashner, Acting Federal Public Defender, Los Angeles, California, for Defendant-Appellant.

Allison L. Westfahl Kong (argued) and Jamie A. Lang, Assistant United States Attorneys; Robert E. Dugdale, Assistant United States Attorney, Chief, Criminal Division; Stephanie Yonekura, Acting United States Attorney, Los Angeles, California, for Plaintiff-Appellee.

## OPINION

FISHER, Circuit Judge:

Mario Modesto Gonzalez-Corn was convicted by a federal jury of illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326(a). He appeals his conviction, arguing his deportation violated due process because the immigration judge (IJ) incorrectly determined he had previously been convicted of an aggravated felony, as defined by the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(43). He also contends the district court improperly instructed the jury

about the evidence it could consider in determining his alienage.

We hold Gonzalez's prior conviction under the federal Controlled Substances Act (CSA), 21 U.S.C. § 801 *et seq.*, for possessing marijuana with the intent to distribute, resulting in a sentence exceeding one year, was for an aggravated felony under the INA.    Because the INA incorporates felony violations of the CSA into its definition of "aggravated felony," and because Gonzalez was convicted of a felony violation of the CSA, his conviction qualifies as an aggravated felony on its face.    Accordingly, there is no need to compare the elements of his conviction to the elements of a generic federal offense of possession with intent to distribute marijuana to determine if his conviction was for an aggravated felony, as set forth in *Taylor v. United States*, 495 U.S. 575 (1990), and *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013).    In the aggravated felony context, the *Taylor* approach is intended for cases in which the defendant (or petitioner, in the immigration context) was convicted under a statutory scheme that is not directly incorporated into the INA, such as a conviction under state law.

We also hold the district court did not err when it instructed the jury on the evidence it could consider to determine alienage.    We therefore affirm.

## I.  BACKGROUND

Gonzalez immigrated to the United States as a teenager and later became a legal permanent resident.  In 2003 he pled guilty to possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a), (b)(1)(D).  He received a sentence of 15 months in prison.

After his conviction, the government initiated removal proceedings under a provision of the INA authorizing the removal of noncitizens who have been "convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii). The government alleged Gonzalez had been convicted of "illicit trafficking in a controlled substance," which is an aggravated felony under the INA. *See id.* § 1101(a)(43)(B). During removal proceedings before the IJ, Gonzalez admitted he was not a U.S. citizen, his mother and father were not U.S. citizens, and he was a native and citizen of Mexico. The immigration judge found he was convicted of an aggravated felony and ordered him removed from the United States. He was deported in 2009.

Gonzalez then returned to the United States without inspection and was discovered by immigration agents in January 2013. He was charged in federal district court with illegal reentry under 8 U.S.C. § 1326(a) and (b)(2). He moved to dismiss the information under § 1326(d), alleging the illegal reentry charge was based on a deportation order that was fundamentally unfair, in violation of his right to due process under the Fifth Amendment. *See* 8 U.S.C. § 1326(d). Specifically, he argued the immigration judge erred in determining his marijuana conviction was for an aggravated felony. The district court denied the motion. Gonzalez appeals that ruling.

In the ensuing trial, the government was required to prove Gonzalez was an alien at the time of the offense. *See United States v. Ruiz-Lopez*, 749 F.3d 1138, 1141 (9th Cir. 2014). The government's evidence of alienage included Gonzalez's prior deportation order, his prior statements that he was a native and citizen of Mexico and not of the United States, and his Mexican photo identification and voter registration cards.

The parties disputed how the jury should be instructed in considering this evidence.

Gonzalez proposed three jury instructions on the subject: (1) the jury may not rely on an IJ's order of deportation to determine whether Gonzalez was an alien, because he was not entitled to counsel in immigration court and the government had a lower burden of proof there; (2) an IJ's order of deportation, by itself, is insufficient to establish alienage; and (3) Gonzalez's prior admissions of Mexican citizenship were not sufficient, without more, to prove alienage. The district court rejected the first instruction but said the second and third might be appropriate if combined. At the court's request, the parties submitted a joint instruction combining the second and third instructions, and included an additional statement that a defendant's admissions of foreign citizenship *in combination with* a deportation order or other corroborating evidence *may* establish alienage.

The district court ultimately gave the jury a slightly modified version of the jointly proposed instruction, without objection from the defense. The instruction stated:

> The Government has presented evidence that Defendant was ordered removed by an immigration judge in a deportation proceeding. An immigration judge's order of deportation alone is insufficient as a matter of law to establish defendant's status as an alien. Similarly, a defendant's statement about his citizenship is not sufficient, without independent corroborating evidence, to prove that he is an alien. However, a defendant's admissions in combination with a prior

deportation order or other corroborating evidence may establish alienage.

During deliberations, the jury submitted a note to the court asking two questions about the alienage instruction:

(1) Is it enough that the government considered [Gonzalez-]Corn an alien at the time he entered the country for [Gonzalez-]Corn to be determined to be an alien?

(2) Does the word may in the [alienage instruction] mean it does establish alienage[?]

The court responded to the first question by referring the jury to the language in the instruction: "an immigration judge's order of deportation alone is insufficient as a matter of law to establish a defendant's status as an alien." The court further explained that if the only evidence the government offered on alienage was the deportation order, that would not be enough. In response to the second question, the court said "the word 'may' . . . means that it can establish or it cannot establish. In other words, there's a possibility. It's up to the jury to weigh the evidence and decide whether or not the defendant's admissions in combination with a prior deportation order or other corroborating evidence may establish alienage."

The next day the jury found Gonzalez guilty. We have jurisdiction over this appeal under 28 U.S.C. § 1291, and we affirm.

## II.  STANDARD OF REVIEW

We review de novo the denial of a motion to dismiss a charge for illegal reentry based on a deportation order that is alleged to be fundamentally unfair.  *See United States v. Sandoval-Orellana*, 714 F.3d 1174, 1178 (9th Cir. 2013).  We also review de novo whether a district court's jury instructions stated the law correctly.  *See United States v. Spentz*, 653 F.3d 815, 818 (9th Cir. 2011).

## III.  DISCUSSION

### A.  Aggravated Felony Determination

"Because the underlying removal order serves as a predicate element of [a § 1326 illegal reentry offense], a defendant charged with that offense may collaterally attack the removal order under the due process clause."  *United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006) (alteration in original) (quoting *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004)).  To do so, a defendant must show: (1) he exhausted any administrative remedies to appeal the order, (2) the deportation proceedings deprived him of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair.  *See* 8 U.S.C. § 1326(d).  At issue in this appeal is the third element: whether Gonzalez's deportation was fundamentally unfair because the IJ incorrectly determined Gonzalez's prior conviction was for an aggravated felony.  *See Camacho-Lopez*, 450 F.3d at 930.  We hold Gonzalez's conviction was for an aggravated felony and his deportation order was therefore valid and not fundamentally unfair.

The INA authorizes the removal of noncitizens who have been "convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii). The term "aggravated felony" includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." *Id.* § 1101(a)(43)(B). Section 924(c), in turn, defines "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2). A "felony" is classified as an offense for which the "maximum term of imprisonment authorized" is "more than one year." *Id.* § 3559(a)(5); *see also Moncrieffe v. Holder*, 133 S. Ct. 1678, 1683 (2013). Accordingly, under the plain language of these provisions, a conviction qualifies as an aggravated felony when it is for "an offense that the Controlled Substances Act (CSA) makes punishable by more than one year's imprisonment." *Moncrieffe*, 133 S. Ct. at 1683; *see also Lopez v. Gonzales*, 549 U.S. 47, 56 & n.7 (2006) (interpreting "felony punishable under the [CSA]" as an offense which is "defined as a felony by the CSA" (alteration in original)).

Gonzalez was convicted of a felony under the CSA. The judgment of conviction lists his offense as "Possession With Intent to Distribute Less Than 50 Kilograms of Marijuana," corresponding to subsection 841(b)(1)(D) of the CSA. *See* 21 U.S.C. § 841(b)(1)(D). Technically, the CSA defines the offense of possession with intent to distribute a controlled substance at subsection 841(a). Subsection (b)(1)(D) is a corresponding penalty provision that authorizes up to five years' imprisonment when the controlled substance is marijuana and the quantity is less than 50 kilograms. *See id.* The authorization of up to five years' imprisonment makes the offense a felony. *See* 18 U.S.C. § 3559(a). However, the

CSA contains a misdemeanor exception to this penalty provision, listed in subsection 841(b)(4), that limits a defendant's punishment to one year in prison if his offense involved a small amount of marijuana and no remuneration. *See* 21 U.S.C. § 841(b)(4).[1]   The Supreme Court has held subsections (b)(1)(D) and (b)(4) are "dovetailing provisions [that] create two mutually exclusive categories of punishment for CSA marijuana distribution offenses: one a felony, and one not." *Moncrieffe*, 133 S. Ct. at 1686.

Gonzalez's judgment lists only subsection (b)(1)(D), not (b)(4).  This suggests he was convicted of a CSA felony.  His judgment also reveals he was sentenced to 15 months' imprisonment, thus exceeding the one-year maximum sentence allowed under the misdemeanor sentencing provision.  It is therefore clear he was convicted of a felony under the CSA and the misdemeanor sentencing exception did not apply.   Because the INA incorporates felony violations of the CSA into its definition of aggravated felony, *see id.* at 1683; *Lopez*, 549 U.S. at 55–56 & n.7, Gonzalez's crime of conviction is, by definition, an aggravated felony under the INA.

Gonzalez rightly points out that, with respect to some federal marijuana convictions, it may be impossible to tell from the face of the judgment alone whether a defendant was convicted of the CSA felony or the CSA misdemeanor.  The

---

[1] This provision reads in full: "Notwithstanding paragraph (1)(D) of this subsection, any person who violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as provided in section 844 of this title and section 3607 of Title 18."  21 U.S.C. § 841(b)(4).  Section 844, in turn, penalizes "simple possession" with a term of imprisonment "not more than 1 year."  *Id.* § 844(a).

practical application of subsections (b)(1)(D) and (b)(4) explains why. Subsection (b)(1)(D) applies to possession with intent to distribute *any* amount of marijuana less than 50 kilograms, no matter how small. *See Moncrieffe*, 133 S. Ct. at 1688; *United States v. Aguilera-Rios*, 769 F.3d 626, 636 (9th Cir. 2014). The burden is on the defendant to prove he qualifies for the misdemeanor sentencing exception under subsection (b)(4) by showing his offense involved a small amount and no remuneration. *See Aguilera-Rios*, 769 F.3d at 636. But even when subsection (b)(4) is applicable, some courts treat it as a sentencing factor and not as the offense of conviction, meaning it may not appear in the judgment. Consequently, a judgment might list either the all-encompassing offense subsection (a) or the penalty subsection (b)(1)(D), yet the sentence could have been for less than one year. In such a case, the judgment of conviction itself would not reveal whether the district court actually applied the misdemeanor exception at sentencing.

We do not confront such uncertainty here, however, nor do we opine on how a reviewing court or immigration judge should resolve the ambiguity in such a case. Not only does Gonzalez's judgment identify subsection (b)(1)(D), without any reference to the misdemeanor exception, it also reveals he was sentenced to a term of imprisonment exceeding the maximum allowable under the misdemeanor provision. It is therefore clear the sentencing judge did not apply the misdemeanor exception to Gonzalez.

Even though the INA incorporates Gonzalez's offense of conviction, he contends we must engage in the categorical approach under *Taylor v. United States*, 495 U.S. 575, 600–02 (1990), and its progeny, by which we compare the elements of his offense of conviction to the elements of a

"generic" federal offense listed as an aggravated felony in the INA.[2]  Under this analysis, "if the state statute of conviction criminalizes more conduct than the federal generic offense, then the state offense is not categorically included in the definition of the federal generic offense." *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 853 (9th Cir. 2013).  In such a case, the conviction would not categorically be for an aggravated felony.  Gonzalez argues this is the approach required by *Moncrieffe*.

In *Moncrieffe*, the Supreme Court ruled an immigration petitioner's conviction under a Georgia drug statute was not for an aggravated felony under the INA.  *See* 133 S. Ct. at 1683–84.  To do so, the Court applied the categorical approach to see whether the Georgia law "necessarily" proscribed conduct punishable as a felony under the Controlled Substances Act.  *See id.* at 1685.  Applying the categorical approach, the Court first determined what elements make up the generic federal offense of felony marijuana possession with intent to distribute.  After noting subsections 841(b)(1)(D) and 841(b)(4) of the CSA create felony and misdemeanor categories of punishment, respectively, the Court held the generic federal felony includes as an element the absence of the factors that mitigate punishment to misdemeanor status in subsection (b)(4).  *See*

---

[2] *Taylor* dealt specifically with whether a prior state conviction constituted a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), applying the categorical matching approach.  *See* 495 U.S. at 578, 602.  But the same approach "generally" applies to the question whether a prior state conviction constitutes an aggravated felony under the INA, *Moncrieffe*, 133 S. Ct. at 1684; though not always, *see Nijhawan v. Holder*, 557 U.S. 29, 40 (2009) (rejecting the categorical approach for the monetary threshold for the aggravated felony listing for fraud).

*id.* at 1686–87. In other words, for a state marijuana distribution offense to be an aggravated felony, the conviction must establish "that the offense involved either remuneration or more than a small amount of marijuana." *Id.* at 1693–94. Because the Georgia statute at issue could possibly criminalize possession with intent to distribute small amounts for no remuneration, it was not a categorical match to the generic federal offense. *See id.* at 1686–87.

Gonzalez's reliance on *Moncrieffe* is misplaced. We are not comparing a state drug offense to a federal CSA offense, as in *Moncrieffe*. Gonzalez's offense *is* a CSA offense. *Taylor* and *Moncrieffe*'s categorical matching analysis is inapplicable here because there is nothing to match. *See Moncrieffe*, 133 S. Ct. at 1696 (Alito, J., dissenting) ("Where an alien has a prior federal conviction, it is a straightforward matter to determine whether the conviction was for a 'felony punishable under the [CSA].'" (alteration in original)). All we must determine is whether the CSA treats Gonzalez's offense as a felony. *See Lopez*, 549 U.S. at 56 n.7. We know it does because his judgment listed his offense as a violation of subsection 841(b)(1)(D), not 841(b)(4), and he was sentenced to more than one year in prison. Because Gonzalez's conviction was for an aggravated felony, his subsequent deportation was valid and did not violate his due process rights.

## B. Jury Instruction on Alienage

Gonzalez also challenges his illegal reentry conviction by arguing the district court erred by instructing the jury it could infer he was an alien from a prior deportation order. It is true a deportation order, on its own, is insufficient to establish alienage. *See United States v. Ruiz-Lopez*, 749 F.3d 1138,

1141 (9th Cir. 2014) ("'[N]either a deportation order, nor the defendant's own admissions, standing alone,' is sufficient to prove alienage." (alteration in original) (quoting *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1158 (9th Cir. 2000))).  But the district court did not instruct the jury to the contrary.   Instead, the court instructed the jury that a deportation order is insufficient, by itself, to establish alienage, but that Gonzalez's prior deportation *in combination with* his prior admissions "may establish alienage."  This was a correct statement of the law.  *See United States v. Galindo-Gallegos*, 244 F.3d 728, 732 (9th Cir. 2001) ("A defendant's admissions that he is an alien, together with a deportation order, suffice to establish alienage."), *amended on other grounds*, 255 F.3d 1154 (9th Cir. 2001).

Gonzalez's argument that the jury should have been prohibited from relying on his prior deportation order at all has no support in the law.  He cites *United States v. Medina*, 236 F.3d 1028, 1030-31 (9th Cir. 2001), but that case merely confirms a deportation order alone cannot establish alienage. *See id.*; *see also United States v. Sandoval-Gonzalez*, 642 F.3d 717, 722 n.4 (9th Cir. 2011) (interpreting *Medina* to hold a deportation order "may be considered only as relevant, but not conclusive, evidence" of alienage).  The district court therefore did not misstate the law in its jury instruction.**[3]**

---

**[3]** The government argues Gonzalez waived this issue because he jointly proposed a jury instruction that was materially indistinguishable from the one given.  *See United States v. Hui Hsiung*, 778 F.3d 738, 748 (9th Cir. 2015).  Alternatively, the government contends we should review the jury instruction for plain error because Gonzalez did not object to it in the district court.  *See United States v. Armstrong*, 909 F.2d 1238, 1243–44 (9th Cir. 1990).  We decline to address these arguments because, assuming the issue was properly preserved for appeal, the district court's jury instruction clearly was not erroneous.

## IV.  CONCLUSION

We hold a conviction for possession with intent to distribute marijuana under 21 U.S.C. § 841(b)(1)(D) that results in a sentence exceeding one year constitutes a "felony punishable under the Controlled Substances Act."  18 U.S.C. § 924(c)(2).  As such, it is by definition an aggravated felony under the Immigration and Nationality Act.  Gonzalez's deportation order, therefore, did not violate his due process rights and could properly serve as a predicate element of his illegal reentry conviction under 8 U.S.C. § 1326(a). Additionally, the district court properly instructed the jury that it could infer Gonzalez's alienage from his prior deportation order in combination with his admissions regarding his alienage.

**AFFIRMED.**