**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50556 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-01030-CAB-1 |
| v. | |
| SALVADOR GUTIERREZ-SALINAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy A. Bencivengo, District Judge, Presiding

Submitted February 4, 2016
Pasadena, California

Before: CALLAHAN and N.R. SMITH, Circuit Judges and RAKOFF,[**] Senior
District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

Defendant-appellant Salvador Gutierrez-Salinas appeals from his alien reentry conviction under 8 U.S.C. § 1326. Gutierrez was found guilty following a jury trial and sentenced to forty-six months' imprisonment. On appeal, he objects to evidentiary decisions made by the district court, to the court's instructions of law, and to his sentence.

First, Gutierrez objects to the admission of two Records of Sworn Statements ("RSSs") from his Alien File ("A-file") into evidence. The first RSS was taken on May 30, 2013 (the "2013 RSS"), and the other was taken on March 9, 2014 (the "2014 RSS"). The district court admitted the RSSs over Gutierrez's hearsay objections, finding that the RSSs were admissions of a party opponent under Fed. R. Evid. 801(d)(2). Gutierrez argues that the RSSs were not admissible under Fed. R. Evid. 802(d)(2) because they are in English and he neither writes nor speaks English. Gutierrez also argues that their admission violated the Confrontation Clause.

This court reviews whether the district court correctly construed the hearsay rule de novo. United States v. Hernandez-Herrera, 273 F.3d 1213, 1217 (9th Cir. 2001). It reviews the admission of evidence under an exception to the hearsay rule

2

for abuse of discretion. Id. Alleged violations of the Confrontation Clause are reviewed de novo. Id.

Although Gutierrez signed both RSSs, a signature is insufficient to establish adoption of a form for purposes of Fed. R. Evid. 801(d)(2)(B) if there is "a considerable language barrier, and [the evidence does] not support an inference that the form was read to [the signatory] . . . [or] that the form was a verbatim record of what [the signatory] said." United States v. Orellana-Blanco, 294 F.3d 1143, 1148 (9th Cir. 2002). At Gutierrez's trial, the translator and administrating officer of the 2013 RSS testified that she went through the entire form with Gutierrez in Spanish and then recorded his answers verbatim in English. This testimony, coupled with Gutierrez's signature, is sufficient to establish his adoption of the 2013 RSS for purposes of Fed. R. Evid. 801(d)(2)(B). Because Gutierrez adopted the 2013 RSS, the Confrontation Clause does not bar its admission. Accordingly, the district court properly admitted the 2013 RSS.

No translator or administrating officer testified with respect to the 2014 RSS, and there is insufficient evidence in the record to conclude that the 2014 RSS was read to Gutierrez or that it was a verbatim record of what he said. Therefore,

3

Gutierrez's signature is insufficient to establish his adoption of the 2014 RSS. Moreover, there is insufficient evidence to conclude that Gutierrez adopted the 2014 RSS solely on the basis of the accuracy of the translation. To evalute the accuracy of the translation, the court applies the four factors given in United States v. Nazemian, 948 F.2d 522, 527 (9th Cir. 1991). Because of the absence of evidence regarding the motives or qualifications of the translator of the 2014 RSS, only two of the four Nazemian factors can be applied. The fact that the government supplied the translator weighs in Gutierrez's favor, and Gutierrez's subsequent actions weigh modestly in favor of the government. Id. With these factors in rough equipoise and the others unknown, this court cannot conclude that the statements in the 2014 RSS were accurate translations of what Gutierrez said. Accordingly, the 2014 RSS cannot be attributed to Gutierrez and was inadmissible hearsay.

The admission of the 2014 RSS violated the Confrontation Clause if it is considered testimonial. Testimonial statements include "material such as affidavits . . . or similar pretrial statements that declarants would reasonably expect to be used prosecutorially." Crawford v. Washington, 541 U.S. 36, 51 (2004). As the 2014 RSS is, on its face, an affidavit, most people would have reasonably expected

it to be used prosecutorially. Moreover, the Confrontation Clause requires that defendants be given a fair opportunity to cross-examine the declarants of testimonial statements used against them. Id. at 68. Here the 2014 RSS cannot be attributed to Gutierrez, rather it was the declaration of the form's author. But the author did not testify and Gutierrez had no opportunity to cross-examine him. Accordingly, admission of the 2014 RSS violated the Confrontation Clause.

However, the admission of the 2014 RSS does not require reversal because it was harmless error beyond a reasonable doubt. See United States v. Pena-Gutierrez, 222 F.3d 1080, 1089 (9th Cir. 2000). The contents of the admissible 2013 RSS and the inadmissible 2014 RSS were essentially identical. There is no fact or inference the jury could have relied upon from the 2014 RSS that the 2013 RSS or testimony from government witnesses does not supply. Accordingly, the admission of the 2014 RSS was harmless error, and this court will not vacate Gutierrez's conviction solely on the basis of the improperly admitted form.

Gutierrez also objects that the district court denied his request to instruct the jury on the differences between the burdens of proof that apply in immigration proceedings and criminal trials. This court reviews jury instructions de novo "to

5

determine whether they adequately presented the defendant's theory of the case."

United States v. Bussell, 414 F.3d 1048, 1058 (9th Cir. 2005). But it reviews the precise formulation of the instructions only for an abuse of discretion. Id. The government may rely on documents from an A-file to prove alienage if a jury is properly instructed on the reasonable doubt standard. See United States v. Ruiz-Lopez, 749 F.3d 1138, 1142 (9th Cir. 2014).

The district court gave the Ninth Circuit's model jury instruction on the reasonable doubt standard. See 9th Cir. Crim. Jury Intr. 3.2 (2010). The district court also gave the Ninth Circuit's model jury instructions on violations of 18 U.S.C. § 1326(a) and on statements by a defendant. See 9th Cir. Crim. Jury Intr. 4.1, 9.8 (2010). These instructions made clear that the government had to prove each element of an illegal reentry violation beyond a reasonable doubt. Gutierrez was free to argue that the government had not done so, and the jury instructions adequately presented that possibility. The district court did not abuse its discretion by using Model Jury Instructions. Accordingly, the district court's instructions of law were sound.

Gutierrez also argues that the Ninth Circuit's model jury instruction on reasonable doubt is defective. This court has repeatedly upheld the current Ninth Circuit model jury instructions, as well as similar jury instructions. See United States v. Alcantara-Castillo, 788 F.3d 1186, 1198 n.4 (9th Cir. 2015). There is no reversible defect in the Ninth Circuit's model jury instruction on reasonable doubt.

Gutierrez also objects that admission of his statements to Border Patrol Agent Christopher Karem violated Miranda v. Arizona, 384 U.S. 436 (1966). Miranda warnings are required when an individual is interrogated in custody. However, the Ninth Circuit has repeatedly held that brief questioning near the border is a non-custodial Terry stop that does not trigger Miranda. See, e.g., United States v. Medina-Villa, 567 F.3d 507, 519-20 (9th Cir. 2009); United States v. Galindo-Gallegos, 244 F.3d 728, 732 (9th Cir. 2001). Agent Karem briefly questioned Gutierrez just over the border, based on a reasonable suspicion of illegal entry. Accordingly, no Miranda warnings were required, and Gutierrez's statements were admissible.

Gutierrez also claims that the district court erred in denying his motion to redact the word "alien" from documents and testimony because the use of the word

"alien" precluded him from fully presenting a defense and constituted improper vouching by government witnesses. This court has repeatedly held that A-File documents are admissible in § 1326 cases. See, e.g., Ruiz-Lopez, 749 F.3d at 1142. The jurors in this case were explicitly instructed that Gutierrez's alienage was an element of the alleged crime and that the government had to prove every element beyond a reasonable doubt. Jurors are not so fragile as to be overwhelmed by use of the term "alien" in documents and testimony. The government's conduct in this case does not approach impermissible vouching. See United States v. Sarkisian, 197 F.3d 966, 989-900 (9th Cir. 1999).

Finally, Gutierrez claims that his forty-six month sentence under 8 U.S.C. § 1326(b)(2) violates Apprendi v. New Jersey, 530 U.S. 466 (2000), because his prior conviction for alien smuggling was not submitted to the jury and proven beyond a reasonable doubt. The Supreme Court and the Ninth Circuit have repeatedly reaffirmed that prior convictions resulting in increased sentences need not be submitted to a jury or proven beyond a reasonable doubt. See, e.g., Alleyne v. United States, 133 S. Ct. 2151, 2160 n.1 (2013); Almendarez-Torres v. United

8

States, 523 U.S. 224 (1998); <u>United States v. Leyva-Martinez</u>, 632 F.3d 568, 569 (9th Cir. 2011). Accordingly, Gutierrez's sentence was proper.

**AFFIRMED.**