NOT FOR PUBLICATION

**FILED**

DEC 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUK MURADKHANYAN, | No. 14-72196 |
| Petitioner, | Agency No. A047-198-131 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 13, 2016[**]
San Francisco, CA

Before: BERZON and MURGUIA, Circuit Judges, and BLOCK,[***] District Judge.

Petitioner Manuk Muradkhanyan petitions for review of an order of removal

from the Board of Immigration Appeals (BIA), based on Muradkhanyan's

conviction of an aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(iii).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Frederic Block, District Judge for the Eastern District of New York, sitting by designation.

1

By statute, we lack jurisdiction to review a removal order against an alien who committed an aggravated felony where the aggravated felony led to removal. *See* 8 U.S.C. § 1252(a)(2)(C); *Daas v. Holder*, 620 F.3d 1050, 1053 (9th Cir. 2010). We review only whether Muradkhanyan's underlying offense was an aggravated felony. *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). We also have jurisdiction to consider whether the proceedings violated constitutional due process. *See* 8 U.S.C. § 1252(a)(2)(D); *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013). Whether an offense is an aggravated felony is a legal question, and the panel reviews de novo. *Barragan-Lopez v. Holder*, 705 F.3d 1112, 1114 (9th Cir. 2013). We affirm the BIA's conclusions and deny Muradkhanyan's petition for review.

1. In a removal proceeding, the government "bears the burden of establishing by clear, unequivocal, and convincing evidence, all facts supporting deportability." *Ayala-Villanueva v. Holder*, 572 F.3d 736, 737 n.3 (9th Cir. 2009) (citing *Chau v. INS*, 247 F.3d 1026, 1029 n.5 (9th Cir. 2001)). Here, the government offered clear and convincing evidence that Muradkhanyan was convicted of conspiracy racketeering under 18 U.S.C. § 1962(d). Though the judgment of conviction for Muradkhanyan listed 18 U.S.C. § 1926(d) as the statute of conviction—a non-existent provision—other parts of the judgment, the underlying indictment, and the federal code all make clear Muradkhanyan was convicted under 18 U.S.C. §

2

1962(d). The BIA permissibly looked to this evidence to find the existence of Muradkhanyan's conviction. 8 C.F.R. § 1003.41(d).

2.  Aggravated felonies include "an offense described in section 1962 of Title 18 (relating to racketeer influenced corrupt organizations) . . . for which a sentence of one year imprisonment or more may be imposed[.]" 8 U.S.C. § 1101(a)(43)(J). Muradkhanyan's conviction for conspiracy racketeering under 18 U.S.C. § 1962(d) "qualifies as an aggravated felony on its face." *See United States v. Gonzalez-Corn*, 807 F.3d 989, 991 (9th Cir. 2015).

3.  Muradkhanyan also raises procedural challenges to the proceedings before the immigration judge. Such challenges require showing prejudice. *See Gutierrez v. Holder*, 662 F.3d 1083, 1090–91 (9th Cir. 2011). Muradkhanyan does not attempt to show prejudice, and his argument that showing prejudice is unnecessary must fail. *See Chuyon Yon Hong v. Mukasey*, 518 F.3d 1030, 1035 (9th Cir. 2008).

**PETITION DENIED.**